NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------X
JOHN J. KOSCIOLEK, JR., and MARIE :
KOSCIOLEK, his wife, :
 :
                 Plaintiffs, :
 : Civil Action No. 04-3203 (JAG)
              v. :
 : OPINION
WERNER ENTERPRISES, et al., :
 :
                 Defendants. :
---------------------------------------------------------X

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motions of Defendants Werner Enterprises, Inc. ("Werner") and Donald Fox, Jr. ("Fox") (collectively, the "Werner Defendants"), and Defendant Chemtex, Inc. ("Chemtex") for summary judgment of the Amended Complaint, pursuant to FED. R. CIV. P. 56. For the reasons set forth below, the Werner Defendants' and Chemtex's motions will be denied.

BACKGROUND

      The instant matter arises out of an unloading accident which occurred on May 28, 2002, in Wharton, New Jersey. (Werner Defs.' 56.1 Statement ("Defs.' Statement"), at ¶ 6.) In May 2002, Plaintiff John J. Kosciolek, Jr. ("Plaintiff") was employed by HMHTTC Response, Inc. ("HMHTTC"). (Pls.' 56.1 Statement in Opp'n to the Werner Defs.' Mot. for S.J. ("Pls.' Statement"), at ¶ 1.) At that time, Plaintiff was purchasing manager for HMHTTC. (Werner Defs.' 56.1 Statement in Supp. of Opp'n to Chemtex's Mot. for S.J. ("Defs.' Statement in Supp.

1

of Opp'n"), at ¶ 4.)  Among the items he would occasionally purchase were large plastic drums[1] known as "overpacks," which Plaintiff ordered from Chemtex.[2]  (Id.)  In or about May 2002, an order was placed by HMHTTC with Chemtex for approximately 200 overpacks, to be delivered to HMHTTC's site in Wharton, New Jersey.  (Pls.' Statement ¶ 2.)  On May 15, 2002, Chemtex placed an order for the overpacks with Eagle Manufacturing Company ("Eagle").  (Chemtex Statement of Material Facts ("Chemtex Statement"), at ¶ 8.)  The invoice indicated that the order was to be shipped directly from Eagle to the HMHTTC facility in Wharton, New Jersey.  (Id.)

On the morning of May 28, 2002, the shipment of overpacks was delivered by Werner to HMHTTC's Wharton, New Jersey site in a tractor trailer operated by Fox, an employee of Werner.  (Pls.' Statement ¶ 3.)  The tractor trailer operated by Fox did not have a rear lift gate.  (Defs.' Statement in Supp. of Opp'n ¶ 7.)  The site did not have any unloading equipment or a loading dock.  ("Pls.' Statement ¶ 4.)  Plaintiff informed Fox that he was alone, and suggested the procedure for unloading the barrels from the truck, which was to have Fox in the trailer unloading three stacks of three barrels at a time (by pushing each stack to the end of the trailer and then off the trailer to the ground), waiting for Plaintiff to roll all three stacks away from the area, and proceeding to push three more stacks off the trailer once he saw Plaintiff was away from the truck.  (Id.)  Each stack weighed approximately 200 or more pounds.  (Id. ¶ 5.)  Approximately 12-15 stacks, or about 25% of the barrels had been unloaded in this manner

---

[1]Also referred to as "barrels."

[2]Chemtex is a wholesale distributor of oil drum products.  (Chemtex Statement of Material Facts ("Chemtex Statement"), at ¶ 5.)  At his deposition, Chemtex president Leonard Johnson described Chemtex as a "middleman," an entity "between someone who wants a product and someone who sells a product."  (See Id., Ex. C at 11:4-20.)

without incident, before Plaintiff was injured. (Id.) While Plaintiff was rolling away the second of three sets of nested barrels that had been dropped, he was struck in the back by a stack of barrels. (Id.) Plaintiff was approximately 8-10 feet away from the back of the truck when he was hit. (Id.) The barrels knocked him to the ground and he heard a snap in his back. (Id.) Plaintiff sustained <u>inter alia</u>, transfer process fractures in his back and a herniated disc in the lumbar spine. (Id. ¶ 6.)

Plaintiff and his wife, Marie Kosciolek (collectively, "Plaintiffs") initiated this lawsuit on or about May 19, 2004. (Defs.' Statement ¶ 1.) The Complaint named three separate defendants: Werner, Fox, and Chemtex. (Id.) After the filing of the Complaint, Eagle was added as a third party defendant. (Id. ¶ 2.) Thereafter, by motion, Plaintiffs were granted permission to file an Amended Complaint adding Eagle as a direct defendant. (Id. ¶ 3.) Eagle was voluntarily dismissed from this action on June 20, 2005. (Id. ¶ 4, Ex. D)[3]

Plaintiffs' Amended Complaint includes the following four counts: (1) negligence; (2) pain and suffering; (3) loss of wages; and (4) loss of consortium. (Id. ¶ 3, Ex. C.) On July 8, 2005, the Werner Defendants moved for summary judgment on the ground that Plaintiffs have failed to present any evidence of liability on the part of the Werner Defendants. Plaintiffs filed their opposition on August 29, 2005, arguing that summary judgment was not appropriate as genuine issues as to material facts exist regarding whether the Werner Defendants were negligent. The Werner Defendants replied on September 9, 2005.

---

[3]Exhibit D consists of the Stipulation of Dismissal executed on behalf of Chemtex and Eagle. It appears that the Werner Defendants inadvertently failed to include the Stipulation of Dismissal executed on behalf of Chemtex and Plaintiffs. Regardless, the Stipulation of Dismissal executed on behalf of Chemtex and Plaintiffs is included in this Court's official record. (<u>See</u> Docket Entry No. 16.)

On August 26, 2005, Chemtex moved for summary judgment on the ground that there is no evidence that Chemtex breached any duty of care owed to Plaintiff. The Werner Defendants filed an opposition on September 12, 2005, arguing that summary judgment is inappropriate because there is a genuine issue as to a material fact regarding whether Plaintiff requested that Chemtex provide a hydraulic lift with the May 28, 2002 delivery. On the same day, Plaintiffs filed a Notice of Joinder in Brief, joining in the position taken by the Werner Defendants, namely that there exists a genuine issue as to a material fact regarding whether Chemtex was negligent.

## STANDARD OF REVIEW

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248. The moving party must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the

mere allegations or denials of its pleadings. See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980).

## **DISCUSSION**

A negligence cause of action consists of four elements: (1) duty of care, (2) breach of duty, (3) proximate cause, and (4) actual damages. See Weinberg v. Dinger, 106 N.J. 469, 484 (N.J. Sup. Ct. 1987) (citation omitted). Under New Jersey law, in order to render a defendant liable on a theory of negligence, there must exist "some breach of duty, by action or inaction, on the part of the defendant to the individual complaining, the observance of which duty would have averted or avoided the injury." Brody v. Albert Lifson & Sons, 17 N.J. 383, 389 (N.J. Sup. Ct. 1955). See also Weinberg, 106 N.J. at 484 ("A cause of action founded upon negligence involves a breach of a duty of care that causes injury."); Kantonides v. KLM Royal Dutch Airlines, 802 F. Supp. 1203, 1213 (D.N.J. 1992) ("For a defendant to be liable, it must have breached a duty of care, which duty, if observed, would have averted the plaintiff's injuries.").

**A.**     **The Werner Defendants' Motion for Summary Judgment**

The Werner Defendants argue that no genuine issue as to a material fact exists as to whether they breached a duty of care to Plaintiff, because Plaintiffs have presented no evidence of their liability. As the Werner Defendants have essentially conceded that they had a duty of care to Plaintiff, this Court's analysis will begin with the question of whether Plaintiffs have

5

presented evidence creating a genuine issue for trial, regarding the Werner Defendants' alleged breach of a duty of care to Plaintiff.  Upon review of the parties' submissions, this Court finds that there is a genuine issue for trial regarding whether the Werner Defendants breached a duty of care to Plaintiff.  Therefore, the Werner Defendants' motion for summary judgment is denied.

The Werner Defendants appear to argue that because Plaintiff gave Fox instructions on how to unload the stacks (specifically, he told Fox to push the stacks to the end of the trailer and then drop them to the ground), had experience unloading stacks in this manner, and the stacks had previously always dropped to the ground and stayed where they landed without further movement, Fox could not have foreseen any injury to Plaintiff, and therefore he did not breach his duty of care.[4]  (Werner Defs.' Br. 4.)

For their part, Plaintiffs address the crux of the matter.  Plaintiffs argue that there is a genuine issue as to a material fact because Fox did not act as a reasonably prudent person would when he assisted Plaintiff in unloading the stacks of barrels.  In support of their argument, Plaintiffs focus on this key disputed fact: whether or not Fox looked before he pushed the relevant stack of barrels off the end of the trailer.[5]  Plaintiffs argue that Fox did not look and

---

[4]The Werner Defendants also make other unconvincing arguments.  Specifically, they argue that because Plaintiff had unloaded the stacks in this manner before, and had requested his employer provide a loading dock or forklift to unload the stacks, he was aware it was a dangerous activity and therefore assumed the risk of what he knew was an unsafe method ("likely to cause injury") to unload the stacks.  (Werner Defs.' Reply Br. 2.)  They also assert that Plaintiff was the cause of his own injuries because his "negligent instructions" to Fox caused the accident.  (Id. at 3.)

[5]In their Reply, the Werner Defendants argue that Fox did look before pushing off the relevant stack of barrels.  (Werner Defs.' Reply Br. 2.)  In support of their argument, they point to Fox's deposition testimony where in response to a question regarding whether he made any observations about the ground or who was there, he states "[l]ike I said, I didn't see anyone in

6

point to his deposition testimony where in response to a question regarding whether he looked down before pushing off the relevant stack of barrels, he states "I don't think I did." (See Werner Defs.' Ex. F at 36:10-15.) Plaintiffs further argue that Fox did not assess whether Plaintiff was too close to the truck to drop the stack of barrels, and that a reasonably prudent person would have looked each and every time, knowing that the stacks weighed 200 or more pounds, and that if a person was struck by one, it could lead to a serious injury. (Pls.' Opp'n Br. 5.) In support of their argument, Plaintiffs point to the following exchange from Fox's deposition:

> Q. At any time before the accident happened, when you would push the load to the edge of the trailer, did you make observations as to how far along Mr. Kosciolek was in the process of his unloading it with respect to when you would push it off the edge of the trailer?
> A. Yes. Usually I could see where he was at in his part of the unloading process.
> Q. What did you see at the time of the accident? Where was he?
> A. I do not remember seeing him at this time, but I did not think that he would be standing right in front of me. I didn't know where he was at.

(Werner Defs.' Ex. F at 34:20-35:6.)

Plaintiffs and the Werner Defendants have both cited Fox's deposition testimony in support of their arguments. This conflict raises a genuine issue as to a material fact regarding whether the Werner Defendants breached their duty of care to Plaintiff. Therefore, summary judgment is not appropriate and the Werner Defendants' motion is denied.

**B.    Chemtex's Motion for Summary Judgment**

---

where the barrels were going to land." (Defs.' Ex. F at 35:19-23.)

Chemtex argues that there are no genuine issues for trial because there is no evidence that Chemtex breached any duty of care owed to Plaintiff. Like the Werner Defendants, Chemtex has conceded that it had a duty of care to Plaintiff. Thus, this Court's analysis will begin with the question of whether Plaintiffs have presented evidence creating a genuine issue for trial regarding Chemtex's alleged breach of a duty of care to Plaintiff. Upon review of the parties' submissions, this Court finds that there is a genuine issue for trial regarding whether Chemtex breached a duty of care to Plaintiff. Therefore, Chemtex's motion for summary judgment is denied.

Chemtex appears to argue that there is no evidence that it breached any duty of care to Plaintiff because Chemtex was merely a "middleman," no overpacks were ever in the custody of Chemtex, and most importantly, no Chemtex employee ever discussed with Eagle how the overpacks should be delivered, loaded, or unloaded. (Chemtex Br. 3.) In sum, Chemtex contends that Plaintiffs' negligence claim cannot be based solely on Chemtex's role in the sales transaction.

The Werner Defendants argue that summary judgment is inappropriate because there is a genuine issue for trial regarding whether Plaintiff requested that Chemtex provide a hydraulic lift with the May 28, 2002 delivery. In support of their argument, the Werner Defendants point to Plaintiff's deposition testimony where he testified that he requested that Leonard Johnson, the president of Chemtex, arrange to have deliveries of overpacks made by a truck with a hydraulic lift (see Werner Defs.' Ex. E at 24:6-21), and Leonard Johnson's deposition testimony where he testified that Plaintiff did not request a forklift or any unloading equipment with respect to the deliveries of overpacks. (See Chemtex's Ex. C at 43:15-21.)

The Werner Defendants have presented evidence of a conflict which raises a genuine issue as to a material fact regarding whether Chemtex breached its duty of care to Plaintiff. Therefore, summary judgment is not appropriate and Chemtex's motion is denied.

## CONCLUSION

For the reasons set forth above, this Court finds that the Werner Defendants and Chemtex have not shown that "there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). This Court finds that there are genuine issues for trial regarding the breach of a duty of care and proximate cause. As such, the Werner Defendants and Chemtex are not entitled to summary judgment.[6]

Dated: March 27, 2006

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[6] Both the Werner Defendants and Chemtex contend that the doctrine of res ipsa loquitor is inapplicable to this case. Plaintiffs have presented a res ipsa loquitor argument in the alternative, should this Court determine that there are no genuine issues regarding the Werner Defendants' and Chemtex's alleged breach of a duty of care. As this Court has determined that there are genuine issues for trial regarding both the Werner Defendants' and Chemtex's alleged breach of a duty of care to Plaintiff, the parties' res ipsa loquitor arguments need not be addressed at this juncture.

9